ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

EDWARD K. BERNATAVICIUS (#024174)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Phone: (602) 682-2608
FAX: (602) 514-7270

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LAZAR ENTERPRISES, INC.<br><br>Debtor. | In Proceedings under Chapter 11<br><br>Case No. 4:17-bk-06877-BMW<br><br>**UNITED STATES TRUSTEE'S STATEMENT OF POSITION REGARDING DEBTOR'S "FIRST DAY" EMERGENCY MOTIONS.**<br><br>Date: June 22, 2017<br><br>Time: 1:30 p.m.<br><br>Location: Courtroom #446, Tucson<br>Courtroom #301, video, Phoenix |

The United States Trustee for the District of Arizona (the "UST"), pursuant to 28 U.S.C. §§ 586(a)(3)(B) and 1930, and 11 U.S.C. § 307, hereby files her " Statement of Position" to Lazar Enterprises, Inc. ("Debtor")  "Emergency Motions for an Order to: (A) Authorize Payment of Pre-Petition Wage and Related Employee Obligations (the 'Wage Motion"); (B) Approve Use Cash Collateral (the "Cash Collateral Motion") and (C) Authorize Post-Petition Financing under 11 U.S.C. §364(b) (the "DIP Loan Motion") and states as follows:

**I.     Wage Motion**.

1. **Payment of pre-petition claims to the employees**. The UST does not oppose the payment of pre-petition claims to the individual employees who are not insiders of the Debtor. The Debtor has provided the UST with payroll records for the employees. The UST verified that none of the individual, pre-petition claims of non-insider, employees exceeds the statutory cap of $12,850.00 provided by 11 U.S.C.§507(a)(4). As such, the UST does not oppose payment of the individual, pre-petition claims of the non-insider, employees of the Debtor.

2. **Payment of pre-petition claims to the independent contractors**. The UST does not oppose payment of the pre-petition claims to the individual contractors. In addition to the statutory cap of $12,850.00, 11 U.S.C. § 507(a)(4)(B) places the following additional requirements on independent contractors to receive priority status:

> 1) sales commissions earned by an individual or by a corporation with only 1 employee;
>
> 2) acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business;
>
> 3) in the 12 months preceding that date, at least 75 percent of the amount . . . earned by acting as an independent contractor . . . was earned from the debtor.

Undersigned counsel for the UST and counsel for the Debtor have discussed these requirements and the UST reviewed payroll records for the independent contractors. Based on these discussions and review of the documents provided, it appears, that 1) the independent contractors were all full-time employees of the Debtor who were converted to independent contractors in an effort to manage costs of the Debtor; 2) the independent contractors are individuals and perform services within the ordinary course of the Debtor's business (primarily as drivers); and 3) the amount of income earned by each independent contractor from the Debtor exceeds 75% based on hours worked for the Debtor. Further, the amount of each independent contractor's pre-petition claim does not exceed the statutory cap of $12,850.00. As such, the UST does not object to payment of these claims.

- 2 -

3. **Payment to the insider of the Debtor, Kirk Markworth**. The UST objects to the payment of the pre-petition wage claim to the insider and owner of the Debtor, Kirk Markworth ("Markworth") in the amount of $1,000.00. To the extent the Debtor believes the payment to Markworth is appropriate as it is de minimis with minimal impact to estate, the UST disagrees that this is main focus of the issue. The insider has a fiduciary duty to the debtor, often has control over the timing and voluntary nature of the Chapter 11 filing and is heavily invested in the success of the debtor. Therefore, non-payment of the insider pre-petition claim does not suffer from the same fears regarding that of other employee pre-petition claims of "irreparable harm", "diminished employee morale", "employee turnover", or "inability to continue business operations." The insider may continue to receive reasonable, post-petition compensation, but the UST objects to payment of the pre-petition claim of the insider.

## II. Cash Collateral.

4. **The budget needs to be amended**. The UST does not oppose the Cash Collateral Motion generally and on an interim basis. However, the budget attached to the Cash Collateral Motion has the Debtor operating in the negative over several of the 13 week projections. The Debtor needs to account for any projected or anticipated DIP financing infusions to the Debtor's operating income. This will allow the parties and the Court to accurately assess the Debtor's true anticipated operations over the next 13 weeks. The Budget appears to be used solely for the operational expenses of the Debtor and the UST has no issue with the expenses listed.

## III. DIP LOAN

5. The UST does not oppose the DIP loan on interim basis for an amount that is necessary to avoid irreparable harm and maintain the status quo of the Debtor. The anticipated interim financing is in a range between $2,500 to $5,000.00 but needs to be discussed further at the first day hearing. A final hearing should be held in order to allow other potential parties in interest to consider the granting of the DIP loan in its entirety. Through discussions with Debtor's counsel, the UST believes the Debtor is amenable to proceeding in this manner. The UST also believes that Debtor and DIP lender, Markworth, agree that to the extent funding

Case 4:17-bk-06877-BMW    Doc 18    Filed 06/22/17    Entered 06/22/17 10:37:57    Desc
Main Document    Page 3 of 4

occurs through Markworth using his personal credit card to pay for expenses of the Debtor, no re-payment from the debtor will be used to pay any outstanding pre-petition claim of Markworth and the Debtor will not be responsible for payment of any accrued interest, late fees, or other charges associated with the credit card.

   RESPECTFULLY SUBMITTED this 22nd day of June, 2017.

             ILENE J. LASHINSKY
             United States Trustee
             District of Arizona

             /s/ EKB (#024174)
             Edward K. Bernatavicius
             Trial Attorney

Copies of the foregoing emailed
June 22, 2017, to:

**KASEY C. NYE**
Kasey C. Nye, Lawyer, PLLC
1661 North Swan Road, Suite 238
TUCSON, AZ 85712
520-399-7368
Fax : 520-413-2147
Email: knye@kcnyelaw.com
Attorneys for the Debtor

---

- 4 -

Case 4:17-bk-06877-BMW Doc 18 Filed 06/22/17 Entered 06/22/17 10:37:57 Desc
Main Document Page 4 of 4